IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA       *

v.                           *          Criminal No. RDB-13-0560

FREDERICUS SLICHER       *

\* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS TANGIBLE EVIDENCE**

The Defendant, Fredericus Slicher, through counsel, James Wyda, Federal Public Defender for the District of Maryland, and Patrick E. Kent, Assistant Federal Public Defender, hereby respectfully moves this Honorable Court to suppress any evidence potentially seized in violation of the Fourth and Fifth Amendments to the United States Constitution and as grounds therefore states the following:

1.       Defendant is charged by the government with Theft of Government Property, Possession of a Forged Naturalization Certificate and Election Fraud.

2.       Discovery and information provided by the government indicates that certain evidence was seized  On or about October 17, 2013 pursuant to a search warrant.  The government intends to introduce the seized evidence at the trial of this matter.  It is also possible that the government may attempt to introduce other items of evidence seized from the defendant and or the custody of the defendant by law enforcement officers at the defendant's trial.

3.       The search warrants issued in the above captioned case was authorized in violation of the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location.  *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) ("The

fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place).

4.      Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant.  *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted).

5.      Because the defense's investigation of this case is incomplete, Defendant reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

6.      Defendant accordingly requests that this Court issue a pre-trial ruling barring the government from admitting at trial in this case evidence obtained in violation of his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, the Defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

-2-

_____/s/_____

Patrick Kent (# 94213)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
(410) 962-3962
Fax:  (410) 962-0832
Patrick_Kent@fd.org

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    Fourth Amendment to the United States Constitution
2.    Fifth Amendment to the United States Constitution
3.    *Brinegar v. United States*, 338 U.S. 160 (1949)
4.    *Florida v. Royer*, 460 U.S. 491 (1983)
5.    *Hayes v. Florida*, 470 U.S. 811 (1985)
6.    *Henry v. United States*, 361 U.S. 98 (1958)
7.    *Katz v. United States*, 389 U.S. 347 (1967)
8.    *Royer v. Florida*, 460 U.S. 491 (1983)
9.    *United States v. Allen*, 629 F.2d 51 (D.C. Cir. 1980)
10.   *Wong Sun v. United States*, 371 U.S. 471 (1963)

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the

District of Maryland, a hearing is requested on the defendant's motion.

_____/s/_____
_____

Patrick E. Kent (# 94213)
Assistant Federal Public Defender

-3-