



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br>*Paul K. Nitze*<br>*Special Assistant United States Attorney* | *36 S. Charles Street*<br>*4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4839*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0716* |

January 13, 2014

Patrick Kent, Esq.
100 S. Charles St.
Tower II, Suite 1100
Baltimore, MD 21201

> Re:   United States v. Fredericus Hubertus Slicher,
>        Criminal No. RDB-13-0560

Dear Mr. Kent,

This letter confirms the plea agreement, together with the sealed supplement, which has been offered to the defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by January 31, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, which charges him with possession of a forged naturalization certificate, in violation of 18 U.S.C. § 1426(c). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: (1) the Defendant possessed a forged naturalization certificate; (2) the Defendant knew the certificate to be forged; and (3) the Defendant possessed the forged certificate with the intent to use it.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: ten years imprisonment, a fine of $250,000, and a period of supervised release of three years.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

---

[1]   Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.    This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

3

a.      Count Two: The base offense level is **8**, pursuant to U.S.S.G. §2L2.2(a), and a **4** level enhancement applies, under U.S.S.G. §2L2.2(b)(2)(A), because the Defendant fraudulently obtained a U.S. passport.  The adjusted offense level is **12**.

b.      Relevant conduct pursuant to U.S.S.G. §1B1.3(a)(2) (as charged in Count One):  The base offense level is **6**, pursuant to U.S.S.G. §2B1.1(a)(2), and a **6** level enhancement applies, under U.S.S.G. §2B1.1(b)(1)(D) because the loss exceeded $30,000 but was less than $70,000.  Because the defendant used a fraudulent naturalization certificate to obtain a social security card, there is a **2** level increase because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain another means of identification.  U.S.S.G. §2B1.1(b)(11).  The adjusted offense level is **14**.

c.      Count Two and the relevant conduct agreed (Count One) to in the Statement of Facts (Count One) group pursuant to U.S.S.G. §3D1.2 Therefore the adjusted offense level is **14.**

d.      This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office may oppose this adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting a statements about his involvement in the offense; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

e.      The final adjusted offense level of **12.**

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.  If the Defendant wishes to argue for any factor that could take the sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and government counsel at least 14 days in advance of sentencing of the facts or issues he intends to raise.

### Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will recommend a reasonable sentence based on the factors outlined in 18 U.S.C. § 3553.

10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Restitution

11.    The Defendant agrees to the entry of a Restitution Order in the amount of $48,928.67 and agrees that restitution shall be payable immediately upon sentencing.  The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of this amount.  The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.  The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution.  If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Waiver of Appeal

12.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

5

### Obstruction or Other Violations of Law

13.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those

6

set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Paul K. Nitze
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1-22-14
Date

_____
Fredericus Hubertus Slicher

I am Fredericus Slicher's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1-22-14
Date

_____
Patrick Kent, Esq.

7



## ATTACHMENT A
### Stipulated Facts

*The United States and Defendant Fredericus Slicher stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. The parties further stipulate and agree that these are not all of the facts that the United States would prove if this case proceeded to trial.*

Defendant **FREDERICUS HUBERTUS SLICHER** ("SLICHER"), age 77, is a citizen and national of the Netherlands. He is an illegal alien. **SLICHER** first entered the United States in November 1967 via New York City on a B-2 visitor visa. He was given a work visa on January 15, 1969, which expired in April 1969. Soon thereafter, **SLICHER** applied for a permanent work visa, ~~due to a prior criminal conviction in the Netherlands. Specifically, in 1963, he was convicted of what would be characterized in the U.S. as a felony for embezzlement and served 3 months in prison.~~ Nevertheless, **SLICHER** did not leave the United States and, at no point after April 1969, has **SLICHER** been lawfully present in the United States.

In 1974, **SLICHER** obtained a plc. forged a U.S. naturalization certificate with the date of June 8, 1974 and an issuing location of the U.S. District Court in Baltimore, Maryland. **SLICHER** has maintained possession of the forged naturalization certificate since that time, and has used it to obtain numerous identity documents, including: (1) a United State passport issued to **SLICHER** in 1975; (2) a Social Security Account Number ("SSN") card; and (3) a Maryland driver's license. **SLICHER** is a registered sex offender as the result of a 2004 conviction for Child Abuse and Sex Offense 3rd Degree in state court.

**SLICHER** has also voted in numerous federal elections over a period of more than 30 years, including the most recent presidential election in 2012, despite being ineligible to vote due to alienage.

In September 2010, and after presenting his fraudulently obtained SSN card and other identity documents, **SLICHER** was approved for both Social Security Act Title II retirement benefits and Medicare benefits. Eligibility for both Title II retirement benefits and Medicare benefits is conditioned on the applicant being either a U.S. citizen or a lawful permanent resident. Since being approved, **SLICHER** has received $41,808 in Title II retirement benefits to which he was not lawfully entitled. **SLICHER** has also received $7,120.67 in Medicare Part A, B, and D services to which he was not lawfully entitled.

**SLICHER** was contacted by agents of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), on September 18, 2013 at his residence in Baltimore, Maryland. After the ICE agents inquired as to **SLICHER's** citizenship, **SLICHER** falsely claimed to be a U.S. citizen and presented the forged naturalization certificate to the ICE agents as proof of his purported naturalization, along with his United States passport.

1

I have read this statement of facts and carefully reviewed it with my attorney. I acknowledge that it is true and correct.


_____1/22/2014_____

Date

_____

Fredericus Hubertus Slicher

I am Fredericus Slicher's attorney. I have carefully reviewed the statement of facts with him.

_____1-22-14_____

Date

_____

Patrick Kent, Esq.

2